# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DH HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 2351 |
| | ) | |
| vs. | ) | |
| | ) | |
| MERIDIANLINK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant MeridianLink, Inc. has moved the Court to impose sanctions upon plaintiff DH Holdings, LLC (DHH) and its counsel, Edward Zaknoen and Joseph Zaknoen of the law firm of Zaknoen and Zaknoen LLC, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority. For the reasons stated below, the Court denies MeridianLink's motion.

## Facts

On September 8, 2008, DHH sued MeridianLink in this District for patent infringement. The case was assigned to Judge Charles R. Norgle. On May 5, 2008, Judge Norgle entered a default judgment against MeridianLink based on its failure to respond to the complaint. On November 17, 2009, DHH took action in the Central District of California, where MeridianLink is apparently located, to enforce the default judgment. MeridianLink asked the California court to vacate the judgment, claiming it had not been served with the complaint and summons in the Illinois suit. On April 9,

2010, a judge in the Central District of California vacated the default judgment, finding that service had been ineffective.

A few days later, on April 14, 2010, MeridianLink filed its own action in the Central District of California, seeking a declaratory judgment of non-infringement and invalidity of DHH's patent and damages based on alleged antitrust violations and unfair competition. The next day, April 15, DHH filed the present suit. It made essentially the same allegations that it had made in the 2008 case before Judge Norgle. On the same day, April 15, DHH also filed a motion asking Judge Norgle to reopen the 2008 case.

On April 28, 2010 and May 6, 2010, DHH's counsel spoke with MeridianLink's counsel and suggested that both parties stay their pending actions or at least agree to extend the time both parties had to respond to the complaints. MeridianLink's counsel declined DHH's proposal and instead agreed only to give DHH an additional ten days to respond to MeridianLink's California action.

On June 3, 2010, Judge Norgle granted DHH's motion to reopen the 2008 case. The next day, June 4, 2010, MeridianLink moved in the present case for imposition sanctions against DHH and its counsel. MeridianLink argued that sanctions are warranted because DHH wasted the court's and the parties' resources and participated in forum and judge-shopping by pursuing two identical cases in the Northern District of Illinois at the same time.

On June 8, 2010, one day after DHH received notice of Judge Norgle's approval of its motion to reopen the 2008 case, DHH filed a notice of voluntary dismissal in the present case. The Court entered a dismissal order on June 10, 2010. MeridianLink's motion for sanctions remains pending.

**Discussion**

**1. Rule 11**

Rule 11 provides that an attorney's signature on a filing certifies, among other things, that the filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Determination of whether a party or attorney acted with an improper purpose is based on an objective standard. *See Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1436 (7th Cir. 1987). When, however, the suit is objectively colorable – as is the case here – a court may consider subjective bad faith or malice. *Id.*; *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir. 1987). *See also, Alpern v. Lieb*, 38 F.3d 933, 935-36 (7th Cir. 1994) (Rule 11's "improper purpose" clause has both objective and subjective components).

This lawsuit duplicated the 2008 suit before Judge Norgle, and it was the flip side of MeridianLink's suit in California. Based on these facts, MeridianLink contends that DHH's purpose was to run up expenses on MeridianLink; forum-shop; and judge-shop.

The Court disagrees. DHH had filed the first suit against MeridianLink, in this District back in 2008. It obtained a default judgment in that suit. MeridianLink got the judgment vacated and then immediately filed a suit in California in which it asserted the flip side of DHH's 2008 claim. It is fair to infer that by doing this, MeridianLink sought to ensure that the parties' dispute would be litigated in its home forum. By refiling in this District the next day, DHH was simply attempting to restore the litigation to its original status – as a lawsuit in DHH's home forum, Illinois. Because the litigation began here,

this was not an improper purpose within the meaning of Rule 11.

DHH could have limited itself to a motion to reinstate its original suit, the 2008 suit assigned to Judge Norgle. But there was no guarantee that, having terminated that case, Judge Norgle would reopen it. DHH's filing of this suit was not an attempt to judge-shop; rather, it was simply hedging its bet.

The Court also does not agree with MeridianLink's contention that DHH's filing of this suit is properly viewed as an attempt to run up expenses on MeridianLink. DHH offered to put the case on hold. It proposed making this mutual, which was not in the least bit improper – DHH simply wanted to preserve the status quo as it then existed as between the California and Illinois suits. MeridianLink declined DHH's proposal, as it had every right to do. But DHH's actions are not indicative of an improper purpose in filing the new suit.

The fact that DHH voluntarily dismissed this case does not support MeridianLink's contention that the suit was filed for an improper purpose. Rather, once Judge Norgle had reinstated the 2008 case, there was no longer any need or reason for DHH to hedge its bet. *See Vollmer v. Seldin*, 350 F.3d 656, 663 (7th Cir. 2003) (rejecting argument that eventual decision to decline to intervene showed original request was made for an improper purpose). Indeed, DHH's decision to drop this case tends to undercut MeridianLink's contention that DHH was judge-shopping.

For these reasons, MeridianLink is not entitled to sanctions under Rule 11.

**2.     28 U.S.C. § 1927**

Section 1927 provides that

[a]n attorney . . . who so multiplies the proceedings in any case

4

> unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of his conduct.

28 U.S.C. § 1927. The question of whether an attorney has violated section 1927 is measured by an objective standard: sanctions are appropriate only for an attorney who pursues a path a careful attorney would have known was unsound. *See Walter v. Fiorenzo*, 840 F.2d 427, 433-34 (7th Cir. 1988). The court may infer that an attorney's behavior was objectively unreasonable or vexatious when the attorney files a complaint that is legally or factually frivolous or if the attorney unreasonably or vexatiously multiplied proceedings, even if what he filed was not frivolous. *See id.* at 432-35.

As the Court has indicated, MeridianLink does not contend that the claim DHH asserted in this lawsuit was legally or factually frivolous. Thus the question is whether DHH violated section 1927 by pursuing a non-frivolous claim in an unreasonable or vexatious manner. The same analysis the Court followed in declining to impose sanctions under Rule 11 applies. At the time DHH filed this suit, it was entirely possible that Judge Norgle would decline to reopen its 2008 case. It was reasonable for DHH to file this case to assure that it would still have the ability to argue that the dispute should be heard in the Northern District of Illinois, where it was initially venued.

**3.    Inherent power**

A court has the inherent authority to impose sanctions for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Johnson v. Cherry*, 422 F.3d 540, 549 (7th Cir. 2005). For the reasons previously described, MeridianLink has not shown that DHH acted in bad faith.

5

**Conclusion**

For the reasons stated above, the Court denies defendant's motion for sanctions [docket no. 19].

```
                                         _____
                                              MATTHEW F. KENNELLY
                                              United States District Judge
```

Date: August 23, 2010